E-FILED
Wednesday, 01 September, 2004  09:04:13 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PFT ROBERSON, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 02-2096 |
| VOLVO TRUCK NORTH AMERICA, INC., and VOLVO TRANSPORTATION SERVICES NORTH AMERICA, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Plaintiff PFT Roberson, Inc., ("Roberson") initiated this action in March 2002, claiming that it entered into a contract with the Volvo defendants ("Volvo") for a multi-year deal which included purchase, trade-in, and maintenance provisions for trucks and trailers, and that Volvo breached that contract. Volvo denied that the parties entered into such an agreement, and Volvo filed a counterclaim alleging that Roberson breached an oral contract by failing to pay for maintenance services. Roberson also sought relief under the Illinois Consumer Fraud and Deceptive Trade Practices Act for a violation of the Act and for conspiring to violate the Act.

The breach of contract allegations were presented to a jury, and after hearing five days of evidence, the jury awarded Roberson $5,079,846.00 on its breach of contract claim and awarded Volvo Services $79,808.70 on its counterclaim. This court entered judgment on the verdicts, and denied Volvo's motion for a new trial. On July 23, 2004, this court entered an order finding in favor

of Volvo on the consumer fraud counts. Roberson filed a Motion for Attorneys' Fees and Costs (#151) on January 14, 2004. Volvo filed its response on August 12, 2004 (#175), and Roberson filed its reply (#183) on August 26, 2004.

Under Illinois law, a prevailing party may not recover attorneys' fees in the absence of statutory or contractual authorization. Gray v. City of Chicago, 159 F. Supp. 2d 1086, 1091 (N.D. Ill. 2001). Roberson alleges that it is entitled to attorneys' fees pursuant to the terms of the contract between Roberson and Volvo and under the Illinois Consumer Fraud and Deceptive Business Practices Act. See 815 ILCS 505/10a(c) (2003). The second basis for attorneys' fees is not viable as this court found in favor of Volvo on the consumer fraud counts of Roberson's complaint. Thus, the court need only determine whether attorneys' fees may be awarded as a term of the contract between Roberson and Volvo. While the parties sharply contest whether the attorney fee shifting provision was a term of any contract entered into between Roberson and Volvo, this court need not make that determination as Roberson has failed to supply adequate information from which a determination as to the reasonableness of fees can be made.

Illinois law provides that, whether expressly stated in the contract provision or not, a standard of reasonableness will be implied to all requests for reimbursement of attorneys' fees and expenses assessed by one party to a contract against the other. In re Coates, 292 B.R. 894, 900 (C. D. Ill. Bankr. Ct. 2003). It is well settled that the party seeking fees, whether for himself or on behalf of a client, always bears the burden of proof and of production to present sufficient evidence from which the trial court can render a decision as to their reasonableness. Coates, 292 B.R. at 900. In meeting this burden, the party seeking fees must specify "the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor." Harter v. Iowa

Grain Co., 220 F.3d 544, 561 (7th Cir. 2000). Detailed billing records which a proponent avers are accurate are sufficient proof, but mere testimony that fees and expenses were incurred falls short of the level of detail required. Harter, 220 F.3d at 561.

In its motion, Roberson seeks attorneys' fees and costs in the amount of $1,687,959. In attempting to meet its burden of proof with regard to the reasonableness of these fees, Roberson submitted only client copies of bills for services issued by McDermott, Will, & Emery. These invoices simply state the charges posted for set billing periods. The descriptions of services performed and the time spent performing these services have been redacted. Roberson also submitted the affidavit of Steven Hoeft, a partner in the firm of McDermott, Will, & Emery. In the affidavit, Hoeft indicates that these redacted bills constitute the amount of attorneys' fees incurred and paid by Roberson from March 2002 through December 2002. Hoeft goes on to explain that beginning in January 2003, Roberson and the firm agreed Roberson would pay attorneys' fees at a reduced rate in exchange for Roberson's agreement to pay the firm a contingency fee based upon the outcome of the case. For a verdict above $2 million, the contingency fee would be $900,000 plus 30% of the judgment above $2 million less discounted fees incurred and paid from January 2003 to the resolution of the matter. The retainer agreement also capped fees at 33% of the final judgment amount.

This court is aware that where parties to a private contract agree to an award of reasonable attorneys' fees to the prevailing party, the scope of the court's inquiry into the reasonableness of fees is more limited than in statutory fee-shifting cases. Berthold Types, Ltd. v. Adobe Sys., Inc., 186 F. Supp. 2d 834, 837 (N.D. Ill. 2002). However, Roberson has failed to provide the court with even the most basic information required under Illinois law. Primarily, Roberson has failed to provide

even minimal documentation as to the services performed by McDermott. Roberson also submitted the affidavit of Jeffrey Tock, a partner in the firm of Harrington, Tock, & Royse which represented Roberson as local counsel in this matter. Unlike the bills submitted by McDermott, the Harrington firm provided documentation indicating the services performed by Harrington. However, Harrington neither states the time expended for any of the services performed or the hourly rate charged.

Roberson argues that these details need not be included because the fees were actually paid and are therefore presumed reasonable pursuant to Medcom Holding Co. v. Baxter Tavenol Lab., Inc., 200 F.3d 518 (7th Cir. 1999). Under a contractual fee-shifting provision, payment of the attorneys' bills by the client is persuasive evidence that the fees were reasonable. Berthold, 186 F. Supp. 2d at 837. However, payment of the bills is only the starting point of the analysis, and the court must still determine whether the fees paid were reasonable in light of other evidence. Berthold, 186 F. Supp. 2d at 837. If the Seventh Circuit in Medcom would not have required a reasonableness inquiry at all, it would have directed judges to begin and end their analysis with a determination of the amount of attorneys' fees the party had actually paid. Zeidler v. A & W Restaurants, 2001 WL 561367 at *3 (N.D. Ill. 2001). As discussed in Zeidler, that fact that plaintiff paid attorneys' fees (and in this case only a small portion of those claimed by Roberson) knowing that it could hold out its hand to defendants if it prevailed does not mean that it willingly would have incurred and paid the same amount absent the contractual provision. Zeidler, 2001 WL 561367 at *3. Roberson has submitted nothing to support a finding of reasonableness, such as evidence of fees incurred in other litigation without a fee-shifting contract. Zeidler, 2001 WL 561367 at *3. While this court need not conduct a line-by-line review of the services provided by Roberson's counsel,

detailed billing records provide a basis for this court to determine the reasonableness of the fees requested. See Berthold, 186 F. Supp. 2d at 841. In the absence of any evidence presented by Roberson other than a statement that a portion of the fees requested has been paid and a blanket assertion by Roberson's counsel that "the number of hours spent, the rate charged per hour, and the total fees incurred by Roberson were all necessary, commercially reasonable, and within market standards," Roberson has failed to sustain its burden of proof with regard to the reasonableness of the fees claimed. Therefore, Roberson's claim for attorneys' fees must be denied.

With regard to costs, Roberson indicated in its initial petition that "Roberson incurred and paid costs to [McDermott] in the amount of $33,336.70." Roberson made no effort to identify the nature of these costs. Rule 54(d) creates a presumption that the prevailing party will recover costs; however, the decision to make the award rests within the discretion of the trial court. Soler v. Waite, 989 F.2d 251, 254-55 (1993). In assessing a bill of costs, the district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary. Soler, 989 F.2d at 255. Local Rule 54.1 provides that "requests for attorneys fees and bills of costs shall be filed within thirty (30) days of entry of final judgment or receipt of the mandate from a Court of Appeals, unless an extension of time for good cause is shown." C.D. Ill. L.R. 54.1.

It was not until August 26, 2004, that Roberson filed its bill of costs with regard to this litigation with its reply to its Motion for Attorneys' Fees and Costs. In the reply, Roberson indicated that it was seeking only $5,609.71 in costs for the fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.[1] Because Roberson waited until its reply to file

---

[1] While Volvo has not had an opportunity to respond to Roberson's bill of costs, it is apparent from this court's review that at least a portion of the court reporter's costs would not be recoverable even had the bill of costs been timely filed. Some of the costs which Roberson seeks

its bill of costs, this court finds the request untimely. At the time of the filing of the reply, more than 30 days had elapsed since the entry of judgment on the count for which Roberson seeks costs. This entry of judgment occurred on December 12, 2003. While briefing on the issues of attorneys' fees and costs was suspended for a time while this court ruled on counts III and IV of Roberson's complaint, nothing prevented Roberson from filing an adequate bill of costs with its initial filing or seeking to amend its filing within an appropriate time, thus providing Volvo an opportunity to respond. Therefore, Roberson's request for costs is also denied.

IT IS THEREFORE ORDERED:

    (1) Roberson's Motion for Attorneys' Fees and Costs (#151) is DENIED.

    (2) Volvo's Petition for Attorney's Fees and Costs (#176) remains pending.

ENTERED this 1st day of September, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE

---

to recover apparently include charges resulting from expedited transcripts and obtaining diskettes containing the transcript in computer-readable form, costs which were not necessary but obtained for the convenience of trial and thus not properly taxable under the statute. Zeidler, 2001 WL 561367 at *1.