**E-FILED**
Wednesday, 15 September, 2004  09:32:03 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE**
**CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

PFT ROBERSON, INC.,

      Plaintiff,

v.

VOLVO TRUCK NORTH AMERICA, INC.,
and VOLVO TRANSPORTATION
SERVICES N.A., INC.,

      Defendant.

Case No. 02-2096

**FILED**

SEP 1 4 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## DEFENDANTS' MOTION FOR APPROVAL OF SUPERSEDEAS BOND

NOW COME Defendants VOLVO TRUCKS NORTH AMERICA, INC. ("Volvo Trucks") and VOLVO TRANSPORTATION SERVICES, N.A., INC. ("Volvo Service") (collectively herein "Volvo") by and through their attorneys Wayne F. Plaza, Charles A. LeMoine and Robert K. Villa of DYKEMA GOSSETT ROOKS PITTS, PLLC and William J. Brinkmann of THOMAS, MAMER & HAUGHEY, and state the following to support their motion for approval of supersedeas bond:

1.    This Court has entered judgment for plaintiff on its breach of contract claim in the amount of $5,079,846.00 which has been stayed pending post-trial motions.

2.    This Court's July 23, 2004 order also entered judgment for defendants and against plaintiff on the Consumer Fraud Act claims. Defendant was awarded $79,808.70 on its breach of contract claim.

3.    The net judgment for plaintiff is $5,000,037.30.

4.    There are no fees or costs due to Plaintiff per the ruling of the Court on September 1, 2004.

5.      Defendants have filed a Notice of Appeal to appeal the adverse judgment and seek to avail themselves of a stay pending appeal as provided under Rule 62(d) of the Federal Rules of Civil Procedure. FED. R. Civ. P. 62(d).

6.      Defendants submit for approval by this Court the attached supersedeas bond in the amount of $5,104,538.08.

7.      The Local Rules for the Central District of Illinois do not specify a formula to calculate the amount of a supersedeas bond necessary to trigger a stay under Rule 62(d). The text of Rule 62(d) is also silent as to the form and amount of bond necessary.

8.      The guidelines for proper supersedeas bonds was set out in former Rule 73(d) of the Federal Rules of Civil Procedure. This Rule provided that a proper bond was one that satisfied the judgment, costs, interest and damages for delay. FED. R. Civ. P. 73(d) (*abrogated* 1968). Although supplanted, the guidelines in the former rule provide guidance. *See Federal Presecription Service, Inc. v. American Pharmaceutical Association*, 636 F.2d 755 (D.C. 1980) and

9.      Local Rule 62.1 of the Northern District requires a bond to include the amount of the judgment, one year's interest plus $500 for costs. LRND-IL 62.1.

10.     Absent any other formula, the bond submitted herewith applies the Northern District formula (being part of the Seventh Circuit) and reflects the judgment, one year's interest at the rate provided in § 1961 of the United State Code (28 U.S.C. § 1961), plus $500 for costs.

11.     Defendants submit that attached bond is sufficient to satisfy the purpose of a bond—assure plaintiff that the judgment will be paid if it is later affirmed. *See Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986).

12.     Defendants request that this Court approve the submitted bond and enter a stay

- 2 -

pending appeal under Rule 62(d).

WHEREFORE, Defendants VOLVO TRUCKS NORTH AMERICA, INC. and VOLVO

TRANSPORTATION SERVICES, N.A., INC., respectfully request that this Court enter an order

granting its' motion to approve a superseadeas bond and enter a stay under Rule 62(d) of the

Federal Rules of Civil Procedure.

Respectfully submitted,

By: _____

One of the Attorneys for Defendants
Volvo Trucks North America, Inc

Wayne F. Plaza (Atty. No. 2218836)
(*Lead Counsel*)
Charles A. LeMoine (Atty. No. 6194888)
Robert K. Villa  (Atty. No. 6230453)
DYKEMA GOSSETT ROOKS PITTS, PLLC
10 South Wacker Drive - Suite 2300
Chicago, IL  60606-7407
(312) 876-1700

and

William J. Brinkmann
Christopher Kanis
Thomas Mamer & Haughey
National City Bank Building
30 Main Street, 5th Floor
Champaign, Illinois 61820

Dated: September 8, 2004

- 3 -

**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

**Appeal Bond**

State of: Illinois
County of:                                                                **Bond No. K0683078A**

PFT ROBERSON, INC.,

                                    Plaintiff(s)        }
                                                              }
            vs.                                              }                    **Case No.: 02-2096**
VOLVO TRUCKS NORTH AMERICA, INC.    }
and VOLVO TRANSPORTATION SERVICES }
N.A., INC.,                                                     }
                                    Defendant(s)       }

KNOW ALL MEN BY THESE PRESENTS, that we VOLVO TRUCKS NORTH AMERICA, INC. et al as Principals, and WESTCHESTER FIRE INSURANCE COMPANY, a New York Corporation authorized to do business in the State of Illinois, as Surety, are held and firmly bound unto PFT ROBERSON, INC., in the sum of Five Million, One Hundred Four Thousand, Five Hundred Thirty Eight 08/00 Dollars (**$5,104,538.08**), lawful money of the United States of America, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, on the 23rd day of July, 2004 in the above-entitled Court, a judgment was entered in favor of the above named plaintiff, and against the defendants, adjudging and decreeing that the plaintiff do have and recover from said defendant the sum in the amount of **$5,079,846.00.**

WHEREAS, said defendants have appealed to the United States District Court for the Central District of Illinois, Urbana Division, State of Illinois, from the above mentioned judgment and the whole thereof, and said defendants desire to suspend execution of said judgment pending appeal.

NOW, THEREFORE, the condition of this obligation is such that, if the above named defendants, shall prosecute their appeal with effect and shall, if the judgment of the appeal be against them perform such judgment or decree of said court, and pay all such damages, interests and costs as may be awarded against them on such appeal, then this obligation shall be null and void otherwise to remain in full force and effect.

In no event, whatsoever, shall <u>Westchester Fire Insurance Company</u> be liable to the Plaintiff for an amount greater than **$5,104,538.08.**

Signed and sealed this 10th day of September, 2004.

                                                  Principals:
                                                  **VOLVO TRUCKS NORTH AMERICA, INC. et al**

                                                  _____ (seal)

                                                  Surety:
                                                  **WESTCHESTER FIRE INSURANCE COMPANY**

                                                  _____ (seal)
                                                  Marisol Mojica, Attorney-In-Fact

STATE OF NEW JERSEY
COUNTY OF MORRIS

On September 10, 2004, before me personally came Marisol Mojica to me known to be
an Attorney-in-Fact of Westchester Fire Insurance Company, the corporation described in
the within instrument, and she acknowledged that she executed the within instrument as
the act of the said Westchester Fire Insurance Company in accordance with authority
duly conferred upon her by said company.

_____
Notary Public

MARGARET TORRISE
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MARCH 5, 2007

PRINCIPAL ACKNOWLEDGEMENT

STATE OF North Carolina

COUNTY OF Guilford

On this _____ 18th _____ day of September , 2004, before me personally came

Terrence C. Grube to me known to be a Vice President + General Counsel of

Volvo Trucks North America, the corporation described in the within instrument, and

he/she executed the within instrument as the act of the said Volvo Trucks North America

in accordance with authority duly conferred upon him/her by said company.

_____
Notary Public



NOTARY PUBLIC
OFFICIAL SEAL
ANITA L. STEWARD
GUILFORD COUNTY, NC
My Commission Expires 5-02-2005

## POLICYHOLDER DISCLOSURE NOTICE OF
## TERRORISM INSURANCE COVERAGE

| Named Insured | | | Endorsement Number |
|---|---|---|---|
| Volvo Trucks North America, Inc. | | | n/a |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| n/a | K0683078A | n/a | n/a |
| Issued By (Name of Insurance Company) | | | |
| Westchester Fire Insurance Company | | | |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

You should be aware that under the Terrorism Risk Insurance Act of 2002 ("The Act") effective November 26, 2002, any losses caused by certified acts of terrorism under your existing coverage may be partially reimbursed by the United States under a formula established by federal law (applicability is subject to the terms and conditions of each individual policy). The Act was specifically designed to address the ability of businesses and individuals to obtain property and casualty insurance for terrorism and to protect consumers by addressing market disruptions and ensure the continued availability of terrorism coverage.

Under the terms of The Act, you may now have the right to purchase insurance coverage for losses arising out of acts of terrorism, as defined in Section 102(1) of the Act: The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property; or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States mission; and to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

Responsibility for Compensation under The Act is shared between insurance companies covered by The Act and the United States. Under the formula set forth in The Act, the United States pays 90% of covered terrorism losses exceeding the statutorily established deductible, which is paid by the insurance company providing the coverage.

We are providing you with the terrorism coverage required by The Act. We have not established a separate price for this coverage; however the portion of your annual premium that is reasonably attributable to such coverage is: $0.00.

Marisol Mojica – Attorney-in-Fact

WESTCHESTER FIRE INSURANCE COMPANY

**FINANCIAL STATEMENT**                                          DECEMBER 31, 2003

## ADMITTED ASSETS

| | |
|---|---:|
| BONDS | $1,211,248,339 |
| SHORT - TERM INVESTMENTS | 32,096,506 |
| STOCKS | 2,499,900 |
| REAL ESTATE | 0 |
| CASH ON HAND AND IN BANK | 2,502,736 |
| PREMIUM IN COURSE OF COLLECTION* | 77,829,346 |
| INTEREST ACCRUED | 13,823,276 |
| OTHER ASSETS | 94,597,742 |
| **TOTAL ASSETS** | 1,434,698,845 |

## LIABILITIES

| | |
|---|---:|
| RESERVE FOR UNEARNED PREMIUMS | $379,073,789 |
| RESERVE FOR LOSSES | 747,946,558 |
| RESERVE FOR TAXES | 8,300,884 |
| FUNDS HELD UNDER REINSURANCE TREATIES | 15,943 |
| OTHER LIABILITIES | (176,810,273) |
| **TOTAL LIABILITIES** | $958,524,901 |

| | |
|---|---:|
| CAPITAL: SPECIAL SURPLUS | $117,300,000 |
| CAPITAL: 928,592 SHARES, $4.85 PAR VALUE | 4,503,671 |
| CAPITAL: PAID IN | 126,333,500 |
| SURPLUS (UNASSIGNED) | 228,036,772 |
| SURPLUS TO POLICYHOLDERS | 476,173,943 |

| | |
|---|---:|
| **TOTAL** | $1,434,698,844 |

(*EXCLUDES PREMIUM MORE THAN 90 DAYS DUE.)

STATE OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

John P. Taylor, being duly sworn, says that he is Vice President of
Westchester Fire Insurance Company and that to the best of his knowledge and belief the
foregoing is a true and correct statement of the said Company's financial condition as of the
31 st day of December, 2003.

Sworn before me this _____ 16th day of April, 2004. _____

_signature_

Vice President

_signature_ Joan Marie Jarnyski

Notary Public

10/8/2004

My commission expires

Joan Marie Jarnyski, Notary Public
Phila, Phila. County
My Commission Expires Oct. 8, 2004

/short forms 2003/wfic/

# *Power of Attorney*

129596

WESTCHESTER FIRE INSURANCE COMPANY 

1056698

**Know all men by these presents:** That WESTCHESTER FIRE INSURANCE COMPANY , a corporation of the State of New York , having its principal office in the City of Atlanta , Georgia , pursuant to the following Resolution, adopted by the Board of Directors of the said Company on November 8, 1999, to wit:

"RESOLVED, that the following Rules shall govern the execution for the Company of bonds, undertakings, recognizances, contracts and other writings in the nature thereof.

(1)  That the President, any Senior Vice President, any Vice President. and Assistant Vice President, or any Attorney-in-Fact, may execute for and on behalf of the Company any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof, the same to be attested when necessary by the Corporate Secretary, or any Assistant Corporate Secretary, and the seal of the Company affixed thereto; and that the President, any Senior Vice President, any Vice President or any Assistant Vice President may appoint and authorize any other Officer (elected or appointed) of the Company, as Attorneys-In-Fact to so execute or attest the execution of all such writings on behalf of the Company and to affix the seal of the Company thereto.

(2)  Any such writing executed in accordance with these Rules shall be as binding upon the Company in any case as though signed by the President and attested to by the Corporate Secretary.

(3)  The signature of the President, or a Senior Vice President, or a Vice President, or an Assistant Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to this Resolution, and the signature of a certifying Officer and the seal of the Company may be affixed by facsimile to any certificate of any such power, and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company.

(4)  Such other Officers of the Company, and Attorneys-In-Fact shall have authority to certify or verify copies of this Resolution, the By-Laws of the Company, and any affidavit or record of the Company necessary to the discharge of their duties.

(5)  The passage of this Resolution does not revoke any earlier authority granted by Resolutions of the Board of Directors."

Does hereby nominate, constitute and appoint HARRY A. DINGER, MARISOL MOJICA and MARY LAWRENCE all of the City of

Morristown, State of New Jersey , each individually if there be more than one named, its true and lawful attorney-in-fact, to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding Ten Million Dollars ($10,000,000) and the execution of such writings in pursuance of these presents shall be as binding upon said Company as fully and amply as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office.

IN WITNESS WHEREOF, the said Stephen M. Haney , Vice-President, has hereunto subscribed his name and affixed the corporate seal of the said WESTCHESTER FIRE INSURANCE COMPANY this 23rd day of March 2004 .



WESTCHESTER FIRE INSURANCE COMPANY

Stephen M. Haney , Vice President

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA        ss.

On this 23rd day of March , A.D. 2004 , before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came Stephen M. Haney , Vice-President of the WESTCHESTER FIRE INSURANCE COMPANY to me personally known to be the individual and officer who executed the preceding instrument, and he acknowledged that he executed the same, and that the seal affixed to the preceding instrument is the corporate seal of said Company; that the said corporate seal and his signature were duly affixed by the authority and direction of the said corporation, and that Resolution, adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Philadelphia the day and year first above written

| NOTARIAL SEAL |
| Kathleen Tirri, Notary Public |
| Philadelphia, Philadelphia County |
| My commission expires September 22, 2007 |

Kathleen Tirri
Notary Public

I, the undersigned Secretary of WESTCHESTER FIRE INSURANCE COMPANY , do hereby certify that the original POWER OF ATTORNEY, of which the foregoing is a substantially true and correct copy, is in full force and effect.

In witness whereof, I have hereunto subscribed my name as Secretary, and affixed the corporate seal of the Corporation, this 10th day of September 2004

George D. Mulligan , Secretary

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER March 22, 2006 .

BS-59449.(1)

**UNITED STATES DISTRICT COURT**
**FOR THE**
**CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION**

**FILED**

SEP 1 4 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

PFT ROBERSON, INC.,

    Plaintiff,

v.

Case No. 02-2096

VOLVO TRUCK NORTH AMERICA, INC.,
and VOLVO TRANSPORTATION
SERVICES NORTH AMERICA, N.A., INC.,

    Defendant.

## NOTICE OF FILING

TO:    Steven H. Hoeft, McDermott, Will & Emery, 227 West Monroe Street, Chicago, Illinois 60606

    Jeffrey W. Tock, c/o McDermott, Will & Emery, 227 West Monroe Street, Chicago, Illinois 60606

    PLEASE TAKE NOTICE that on September *14th*, 2004, **via Hand Delivery** to the Clerk of the US District Court, Central District of Illinois, Urbana, Illinois, we filed **Defendants' Motion for Approval of Supersedeas Bond,** a copy of which is attached and hereby served upon you.

Wayne F. Plaza (Atty. No. 2218836)
*(Lead Counsel)*
Charles A. Lemoine (Atty. No. 6194888)
Robert K. Villa (Atty. No. 6230453)
DYKEMA GOSSETT ROOKS PITTS
10 South Wacker Drive, Suite 2300
Chicago, IL 60606-7407
(312) 876-1700
Firm ID #405759

By:   *[signature]*

One of the Attorneys for Defendants
Volvo Trucks North America, Inc. and
Volvo Transportation Services N.A., Inc.

CHICAGO\2054639.1
ID\WFP

PFT Roberson, Inc. v.
Volvo Truck North America, Inc. and
Volvo Transportation Services North America, Inc.
Case No. 02 C 2096

## SERVICE LIST

Attorneys for PFT Roberson, Inc.
Steven H. Hoeft
Robert S. O'Meara
McDermott, Will & Emery
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000

Jeffrey W. Tock
Harrington, Tock & Royse
201 West Springfield Avenue
Suite 601
Champaign, Illinois 61820
(217) 352-4167

Attorneys for Volvo Truck North America, Inc.
and Volvo Transportation Services North America, Inc.
Wayne F. Plaza
Charles A. LeMoine
Robert K. Villa
Rooks Pitts
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

William J. Brinkmann
Thomas, Mamer & Haughey
National City Bank Building
30 E. Main St., Ste. 500
P.O. Box 560
Champaign, Illinois 61824-0560
(217) 351-1500