E-FILED
Wednesday, 15 September, 2004  04:37:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PFT ROBERSON, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 02-2096 |
| ) | |
| VOLVO TRUCKS NORTH AMERICA, ) | |
| INC. and VOLVO TRANSPORTATION ) | |
| SERVICE N.A., INC., ) | |
| ) | |
| Defendants. ) | |

**PFT ROBERSON, INC.'S MOTION FOR RECONSIDERATION OF
THIS COURT'S RULING DENYING ROBERSON'S FEE PETITION**

Following the schedule set by this Court after the return of the jury's verdict in favor of Roberson, on January 14, 2004, Roberson filed its fee petition. Roberson supported its fee petition with evidence about the amount of its bills, evidence that they had been paid (except the portion covered by the contingency fee arrangement, which also was disclosed), and evidence that the billing rates and total hours charged by the attorneys and paralegal who performed the work. Roberson did not file detailed descriptions of the services provided, because no final judgment had been entered on its Consumer Fraud Act claim (which was not decided by the jury) and because Volvo was challenging the jury's verdict through post-trial motions.

On September 1, 2004, this Court denied Roberson's fee petition because the Court found it to be inadequately supported. Roberson respectfully requests that the Court reconsider that ruling for the following reasons.

    **1.    Detailed Time Entries Are Filed With This Motion**

When filing its initial fee petition, Roberson did not want to waive any privilege by filing time entries before final judgment was entered on all counts. Roberson also anticipated that if the Court held that Roberson was entitled to recover its fees, Volvo would seek to examine the

time records and question the reasonableness of the fees. Roberson also believed that the evidence about its fees, the fact that it paid the fees, and the obvious amount of work required to present this case to the jury and this Court was sufficient evidence supporting its fee petition.

Roberson, however, understands this Court's desire to conduct an examination of unredacted billing records to determine the reasonableness of Roberson's fees. Accordingly, Roberson submits herewith its itemized billings, without redaction.

2. **Volvo's Fee Petition Corroborates Roberson's Petition**

There should be no issue about whether the fees charged by Roberson's attorneys were reasonable, as to either hourly rate or the amount of hours spent. The averaged combined rate through trial of the two attorneys who principally worked on this case (Mr. Hoeft and Mr. Fisher) was $385 per hour. In its fee petition, Volvo asserts that the average rate for its attorneys, $355 per hour, was reasonable. Thus, the reasonableness of the rates charged by Roberson's attorneys is corroborated by the fees paid by Volvo.

Similarly, in its fee petition, Volvo represented that its attorneys spent 3700 hours on the case through February 28, 2004. Roberson's principal attorneys, in comparison, billed only 2476.5 hours to the case through July 2004. In addition to spending 33% less hours on the case, Roberson's lawyers successfully obtained a $5.1 million jury verdict. This evidence alone supports a finding that its fees were reasonable.

3. **Roberson Has Paid Its Legal Bills**

This Court expressed reluctance to give substantial weight to the fact that Roberson has paid its legal bills because a portion of the fee sought is contingent and, as the Court correctly noted, Roberson would only have to pay that portion if it succeeded at trial. However Roberson did pay $396,929.04, which amount was not contingent. Roberson's review and payment of that amount is certainly compelling evidence that the bills were reasonable.

## Conclusion

Through the submission attached hereto, Roberson has addressed this Court's concern regarding establishing the reasonableness of Roberson's fee petition. The reasonableness of the fees, however, is the second step in the process. As Roberson's reply brief requested, Roberson first sought this Court's ruling that it was entitled to fees. Given Volvo's appeal of the jury's verdict and this Court's denial of Volvo's post-trial motions, the resolution of the final amount of fees seemed premature. That Roberson has a partial contingent fee, which is based upon successfully defending Volvo's appeal, further illustrates that the actual amount of a fee award cannot be calculated until conclusion of the appeal in this matter.

For these reasons, Roberson respectfully requests that this Court reconsider its September 1, 2004 Order and rule that Roberson is contractually entitled to fees. In addition, if a partial fee award is possible at this time, Roberson requests that this Court rule on the reasonableness of the fees as currently submitted to this Court and paid by Roberson.

Dated:  September 15, 2004          **PFT ROBERSON, INC.**


                                    /S/ Jeffrey W. Tock
                                          One of Its Attorneys

Steven H. Hoeft                     Jeffrey W. Tock
Joseph G. Fisher                    Harrington &Tock
McDermott, Will & Emery             201 West Springfield Avenue
227 West Monroe Street              Suite 601
Chicago, Illinois  60606-5096       Champaign, Illinois  61820
312-372-2000                        217-352-4167
CHI99 4356376-1.059848.0013

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | |
|---|---|
| PFT ROBERSON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02-2096 |
| | ) |
| VOLVO TRUCK NORTH AMERICA, | ) |
| INC. and VOLVO TRANSPORTATION | ) |
| SERVICES N.A., INC., | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2004, a copy of the foregoing PFT Roberson, Inc.'s Motion For Reconsidearation Of This Court's Ruling Denying Roberson's Fee Petition was filed electronically. I hereby certify that on September 15, 2004 a copy of the foregoing PFT Roberson, Inc.'s Motion For Reconsidearation Of This Court's Ruling Denying Roberson's Fee Petition was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

| | |
|---|---|
| Wayne F. Plaza | William Brinkmann |
| Charles A. Lemoine | Christopher M. Kanis |
| Robert K. Villa | Thomas, Mamer & Haughey |
| Dykema, Gossett, Rooks, Pitts PLLC | P.O. Box 560 |
| 10 South Wacker Drive, Suite 2300 | Champaign, IL  61824-0560 |
| Chicago, IL  60606-7407 | |

/S/ Jeffrey W. Tock

Prepared by:

Jeffrey W. Tock
Harrington, Tock & Royse
201 W. Springfield Avenue, Suite 601
P.O. Box 1550
Champaign, IL  61824-1550
Telephone:  (217) 352-4167

vlb/Complain.jef/Roberson/ElecNotcFiling