E-FILED
Wednesday, 29 September, 2004  03:24:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| PFT ROBERSON, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VOLVO TRUCK NORTH AMERICA, INC.,<br>and VOLVO TRANSPORTATION<br>SERVICES N.A., INC.,<br><br>    Defendant. | Case No.  02-2096 |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR
RECONSIDERATION OF THIS COURT'S RULING
DENYING PLAINTIFF'S FEE PETITION**

NOW COME Defendants VOLVO TRUCKS NORTH AMERICA, INC. ("Volvo Trucks") and VOLVO TRANSPORTATION SERVICES, N.A., INC. ("Volvo Service") (collectively herein "Volvo") by and through their attorneys Wayne F. Plaza, Charles A. LeMoine and Robert K. Villa of DYKEMA GOSSETT ROOKS PITTS, PLLC and William J. Brinkmann of THOMAS, MAMER & HAUGHEY, for their Joint Response to Plaintiff's Motion for Reconsideration of this Court's Ruling Denying Plaintiff's Fee Petition states as follows:

**I.    PLAINTIFF'S MOTION FOR RECONSIDERATION IS PROCEDURALLY
       INADEQUATE, DEFICIENT AND IMPROPER AS A MATTER OF LAW**

Motions for reconsideration serve a very limited function in federal courts—correcting "manifest errors of law or fact" or presenting "newly discovered evidence." A request for reconsideration "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [underlying] motion. . .nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Drnek v.*

*City of Chicago*, 205 F.Supp.2d 894, 895-96 *citing Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

Plaintiff's motion for reconsideration fails to meet any of the mandated requirements and in fact, turns the concept of a motion for reconsideration on its head, using this as an opportunity to reargue it position and submit new evidence/information.  Plaintiff does not cite or refer to a single manifest error in the Court's denial of its petition nor identify any newly discovered evidence or law that might entitle plaintiff to seek reconsideration.  Plaintiff instead suggests that it now "understands this Court's desire to conduct an examination of unredacted billing records to determine the reasonableness of Roberson's fees" (*Motion for Reconsideration, p. 2),* and, for the first time, submits billing documents without any explanation or attempt to supply supportive affidavits as to their authenticity, reasonableness or applicability to the sole count upon which Roberson found success.  This feigned claim of belated enlightenment is absurd given the fact that plaintiff's submissions illustrate that its learned trial counsel spent approximately ten hours researching case law on the requirements for its fee petition.  (See plaintiff's invoice dated 1/16/2004, pp. 8-9; invoice dated 2/16/2004, pp. 1, 2 & 4.)

Plaintiff's motion is nothing more than a belated attempt to explain away *plaintiff's* earlier tactical decision or failure to submit the required information until all post-trial motions had been filed, in continuation of plaintiff's reckless disregard for burdens of proof and production of evidence within the meaning of established court rules.  *See In re: Coates*, 292 B.R. 894, 900 (C.D.Ill. Bankr. Ct. 2003) (It is well settled that party seeking fees always bears the burden of proof and of production to present sufficient evidence).  Plaintiff's own motion makes clear that its petition's first incarnation—incomplete and unsubstantiated—was the product of a purposeful strategy.  *Motion for Reconsideration p. 1-2.*  Defendants know of no

case, and plaintiff cites none in its motion, that would allow plaintiff the right to a "do over" for its deliberately inadequate fee petition. Indeed, the noticeable absence of citation to relevant authority supporting plaintiff's motion only underscores its inherent impropriety. Plaintiff's efforts are still inadequate and too late.

Plaintiff's motion for reconsideration is its third filing of a signed court paper seeking attorneys fees. However, billing records in existence at the time the original petition was filed cannot now be reasonably deemed newly discovered evidence. Nor can such records be offered as evidence that the Court erred in denying plaintiff's original petition for fees.[1] Plaintiff should not now be allowed to revisit its own failures under the guise of a motion to reconsider. This Court simply did not err when it denied plaintiff's petition for fees and should deny plaintiff's motion for reconsideration for its patent failure to meet the limited parameters for granting such motions.

## II.     ROBERSON'S RELIANCE ON EVIDENCE SUBMITTED BY VOLVO TO SUPPORT VOLVO'S INDEPENDENT FEE PETITION IS IMPROPER

Plaintiff claims that Volvo Services' fee petition relating to its successful counter-claim for breach of contract and its successful defense of the consumer fraud act claims "corroborates" Roberson's unwieldy and untimely evidence proffered to support its earlier denied petition for fees. Such a claim is disingenuous at best. Plaintiff would have this Court allow a prevailing party on one claim to satisfy its burden in a fee petition by relying on evidence submitted in a successful adversary's counter-petition for fees on two unrelated claims. The philosophical and practical flaws of this proposition are obvious. Volvo Service only sought fees related solely to its successful defense of the consumer fraud act claims. Defendants made a substantial effort to

---

[1] As demonstrated in Section III below, even a cursory review shows that these previously known billing records contain fees and costs for those counts upon which Roberson was not successful and matters not related to this case.

break down the overall fees and costs incurred to reflect a request for fees only as to the count on which it is entitled to recovery of attorney fees and costs. Plaintiff made no such effort and instead places the burden on the defendants and this Court to sift through indecipherable entries and identify those that may be related to the sole count on which plaintiff prevailed. Such entries are themselves subject to an independent reasonableness analysis and are unreasonable. Volvo provided affidavits of reasonableness as to both the time expended and the rate applied as required by the Rule. Plaintiff made no such effort. Plaintiff seeks to compare Volvo's attorneys' rate with Plaintiff's attorneys' rate and time to justify its entire request. Comparing the highest rate paid by Volvo to the average of the rates paid to Roberson's attorneys is a clever, but deceptive sleight of hand argument. A rate as high as $480-518 per hour charged by plaintiff's counsel may be justified in New York but not Illinois.

### III    EVEN IF THIS COURT SHOULD REACH THE SUBSTANCE OF ROBERSON'S MOTION, THE DOCUMENTS SUBMITTED DO NOT CURE THE DEFICIENCIES THAT CONTINUE TO PLAGUE ROBERSON'S FEE PETITION

The above makes it unnecessary for this Court, as a matter of law, to re-consider the substantive value of plaintiff's belated attached and unauthenticated documents which it now files without leave of court. Should this Court find that plaintiff, for some reason, should again be heard on its motion for attorney fees under the guise of its motion for reconsideration defendants should be allowed to address all entries. Any assessment of fees in plaintiff's favor requires a new finding that plaintiff is entitled to an award of fees in the absence of a written contract so providing, and without compliance with Rule 54 (the 12/06/02 email, Exhibit 73 upon which plaintiff relied in its case made no mention of attorney fees or costs). These arguments were raised in defendants' earlier filed joint response to plaintiff's original petition for

fees, and very little has changed. Those arguments will not be repeated, are fully applicable to this motion and are incorporated into this response as if fully set forth herein.

Absence of a written contract aside, and without waiving its objection to the belated submission of documents in the guise of a motion for reconsideration, defendants submit that plaintiff has still failed to meet its burden as a prevailing party. A cursory overview of the documents now attached to the motion to reconsider include questionable entries and perpetuate the cloud of doubt and uncertainty that envelops plaintiff's petition. Examples of these questionable entries include, but are not be limited to: (1) entries for tasks performed on unrelated matters (i.e. conferences conducted relating to the Freightliner settlement, a Freightliner sewer issue, an agreement and meetings with entities named Halco and another named Daimler); (2) fees incurred on claims on which plaintiff did not prevail (i.e. work on the consumer fraud claims); (3) time spent on tasks not relevant to this case (i.e. efforts expended to compelling appearances of employees at trial and other technical matters providing no services of legal value); and (4) a barrage of charges which prompt a reasonableness challenge (i.e. questionable amounts of time billed to travel). Defendants submit that a grant of reconsideration should be accompanied by an order granting defendants leave to respond to the newly submitted documents to permit defendants a full opportunity to challenge the entries on a line by line basis. Defendants believe the Court should deny the motion for reconsideration an avoid the necessity of having to have the Court and defendants conduct such a review.

## **CONCLUSION**

Plaintiff previously failed to comply with Rule 54 and the third attempt remains premised upon an invalid and inadequate Motion for Reconsideration as a matter of law. Plaintiff has failed to identify any mistake of fact or law (other than its own tactical omission) to justify this

Court's reversal of its earlier decision. The belated "new" evidence is itself wholly inadequate, inconsistent and unreasonable to even be considered, let alone, it is not new evidence within the meaning of that term for a motion for reconsideration. There is no basis for the motion for reconsideration. Plaintiff completely failed to file a proper petition and must now accept the decision of this Court.

    WHEREFORE, Defendants VOLVO TRUCKS NORTH AMERICA, INC. and VOLVO TRANSPORTATION SERVICES, N.A., INC., respectfully request that plaintiff PFT ROBERSON, INC.'S Motion for Reconsideration be denied in its entirety for the reasons stated above.

    Respectfully submitted,

By: **/s/ Christopher M. Kanis**
One of the Attorneys for Defendants
Volvo Trucks North America, Inc

Wayne F. Plaza (Atty. No. 2218836)
(*Lead Counsel*)
Charles A. LeMoine (Atty. No. 6194888)
Robert K. Villa  (Atty. No. 6230453)
DYKEMA GOSSETT ROOKS PITTS, PLLC
10 South Wacker Drive - Suite 2300
Chicago, IL  60606-7407
(312) 876-1700

and

**s/Christopher Kanis, ARDC#6243217**
William J. Brinkmann
Thomas Mamer & Haughey
National City Bank Building
30 Main Street, 5th Floor
Champaign, Illinois 61820
(217) 351-1500
e-mail: ckanis@tmh-law.com

Dated:  September 29, 2004

CHICAGO\2056839.6
ID\RKV