E-FILED
Friday, 08 October, 2004  02:05:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| PFT ROBERSON, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 02-2096 <br> ) |
| VOLVO TRUCK NORTH AMERICA, INC., and VOLVO TRANSPORTATION SERVICES NORTH AMERICA, INC., | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**O R D E R**

Plaintiff PFT Roberson, Inc., ("Roberson") initiated this action in March 2002, claiming that it entered into a contract with the Volvo defendants ("Volvo") for a multi-year deal which included purchase, trade-in, and maintenance provisions for trucks and trailers, and that Volvo breached that contract. Volvo denied that the parties entered into such an agreement, and Volvo filed a counterclaim alleging that Roberson breached an oral contract by failing to pay for maintenance services. Roberson also sought relief under the Illinois Consumer Fraud and Deceptive Trade Practices Act for a violation of the Act and for conspiring to violate the Act.

The breach of contract allegations were presented to a jury, and after hearing five days of evidence, the jury awarded Roberson $5,079,846.00 on its breach of contract claim and awarded Volvo Services $79,808.70 on its counterclaim. This court entered judgment on the verdicts, and denied Volvo's motion for a new trial. On July 23, 2004, this court entered an order finding in favor of Volvo on the consumer fraud counts. On August 12, 2004, Volvo filed a Petition for Attorneys' Fees and

Costs (#176) with regard to the consumer fraud counts. Roberson filed its response (#182) on August 26, 2004. Also pending before the court is Roberson's Motion for Reconsideration (#192) of this court's order of September 1, 2004, denying Roberson's motion for attorney fees and costs. For the reasons that follow, both motions are denied.

1. Volvo's Motion for Attorney Fees and Costs

The Illinois Consumer Fraud Act and Deceptive Trade Practices Act ("Act") provides that "[i]n any action brought by a person under this Section, the Court may grant injunctive relief where appropriate and may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c) (2003). Accordingly, the statute allows for a prevailing defendant to be awarded fees and costs. Janikowski v. Lynch Ford, 73 F. Supp. 2d 956, 958 (N.D. Ill. 1999). The Seventh Circuit, due to an unresolved split among the Illinois courts, has adopted an "oppression" standard for the award of fees and costs under the Act. Janikowski, 73 F. Supp. 2d at 959. Under this standard, defendants may recover fees where a claim is so lacking in merit or so burdensome to defend against as to be oppressive. Janikowski, 73 F. Supp. 2d at 959. Oppression has been defined as "something that might be described not just as a losing suit but as a suit that had elements of an abuse of process, whether or not it had all the elements of the tort." Janikowski, 73 F. Supp. 2d at 959.

Roberson claimed that Volvo violated the Act by deceiving Roberson about its maintenance capabilities and by attempting to "bait and switch" Roberson with regard to a $20 fee. Based upon emails and other internal documents from Volvo personnel, Roberson alleged that, while Volvo promised nationwide maintenance of Roberson's fleet, it lacked the in-house resources to carry out the promise and failed to arrange outside vendors to do the work. Roberson further alleged that Volvo inserted a $20 monthly fee per truck into contract documents without notifying Roberson. On this issue, this court noted in its order ruling on Roberson's claims under the Act that the parties' dispute

stems from their respective theories of the case. While this court found in favor of Volvo on the basis of evidence presented at trial, it cannot be said that there was no evidentiary basis to bring the claims. Furthermore, this court previously denied a motion to dismiss on these claims and Volvo never filed a motion for summary judgment on Roberson's claims under the Act. Accordingly, this court finds that Roberson's claims under the Act were not oppressive and an award of attorneys' fees is not appropriate.

## 2. Roberson's Motion for Reconsideration

On September 1, 2004, this court entered an Order (#188) denying Roberson's motion for attorney fees. With its original motion, Roberson submitted inadequate and incomplete documentation of the basis for its attorney fee petition. This court found that in the absence of any evidence presented by Roberson other than a statement that a portion of the fees requested has been paid and a blanket assertion by Roberson's counsel that "the number of hours spent, the rate charged per hour, and the total fees incurred by Roberson were all necessary, commercially reasonable, and within market standards," Roberson failed to sustain its burden of proof with regard to the reasonableness of the fees claimed.

On September 15, 2004, Roberson filed a Motion for Reconsideration (#192) of the denial of its motion for attorney fees. Along with the motion, Roberson filed numerous billing records. Roberson indicates that the reason it chose not to submit these records with its original petition or a supplemented petition prior to this court's ruling was because it did not want to waive any privilege and because, if the court held Roberson was entitled to recover fees, "Volvo would seek to examine the time records and question the reasonableness of the fees." Roberson has not indicated how filing these billing records would result in the waiver of privilege, nor does this court find it persuasive that a party should not file documentation in support of a motion for attorney fees as a means of preventing opposing counsel from questioning the reasonableness of fees.

"This Court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." McKnight v. Dean, 2000 WL 968822 *1 (N.D. Ill. 2000), quoting Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Rather, motions to reconsider are "rarely appropriate." McKnight, 2000 WL 968822 at *1. "They should only be presented when the law or facts change significantly after the issue is presented to the Court, the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to it, or has made an error not of reasoning but of apprehension." McKnight, 2000 WL 968822 at *1, quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). None of these situations are applicable to the instant case. Lack of due diligence in submitting evidence to the court is not a ground for reconsideration. See Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 252 (7th Cir. 1987); see also Caisse Nationale De Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). ("[T]o support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." (citations omitted)). Therefore, this court will not reconsider the denial of Roberson's motion for attorney fees.

IT IS THEREFORE ORDERED:

(1) Volvo's Petition for Attorneys' Fees and Costs (#176) is DENIED.

(2) Roberson's Motion for Reconsideration (#192) is DENIED.

ENTERED this 8th day of October, 2004

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE